

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| THE MARSHALL TUCKER BAND, INC. and DOUG GRAY,<br>   Plaintiffs,<br><br>vs.<br><br>M T INDUSTRIES, INC. and RON RAINEY,<br>   Defendants. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 7:16-00420-MGL<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiffs filed this case alleging claims for trademark infringement, trademark dilution, declaratory judgment, and trademark cancellation under federal law and claims of trademark infringement, breach of contract, conversion, violation of the South Carolina Unfair Trade Practices Act, declaratory judgment, and breach of contract accompanied by a fraudulent act under state law.  The Court has jurisdiction over the matter under 28 U.S.C. §§ 1331 and 1367.  Pending before the Court is Defendants' motion to dismiss the Second Amended Complaint (SAC) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant Defendants' motion to dismiss.

## II.     PROCEDURAL HISTORY

The factual history of this case is well-known to the parties, and thus, the Court need not reiterate the facts here.  *See* ECF No. 51.  Regarding the procedural history as is relevant here, Defendants filed their motion to dismiss the SAC on January 18, 2017.  ECF No. 64.  Plaintiffs then filed their response in opposition, ECF No. 69, to which Defendants filed their reply, ECF No. 73.  The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

## III.    STANDARD OF REVIEW

### A.    Subject Matter Jurisdiction

Federal courts have limited jurisdiction, possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A motion to dismiss for lack of subject matter jurisdiction must be granted if the court lacks statutory authority at any time to hear and decide the dispute.  Fed. R. Civ. P. 12(b)(1).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  If the defendant contends the pleading fails to allege facts upon which subject matter jurisdiction can be based, then "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1989).

**B.     Failure to State a Claim**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2).

Although Rule 8(a) does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678-79 (stating the court need not "accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). In sum, factual allegations must be enough to

3

raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact.  *Twombly*, 550 U.S. at 555.

## IV.     CONTENTIONS OF THE PARTIES

In Defendants' motion to dismiss, Defendants contend Plaintiffs' federal claims for trademark infringement and trademark dilution fail as a matter of law because Plaintiffs have failed to show Defendant M T Industries, Inc. (Defendant MTI) used The Marshall Tucker Band mark (Mark) in commerce as required under federal law.  Based on this position, Defendants allege the Court should grant their Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction because Plaintiffs' federal trademark infringement and trademark dilution claims are the only independent source of the Court's subject matter jurisdiction.  Therefore, according to Defendants, if the Court were to hold Plaintiffs' federal trademark infringement and trademark dilution claims fail as a matter of law, the Court would have no independent source of subject matter jurisdiction over Plaintiffs' federal claims for declaratory judgment and trademark cancellation.  Further, Defendants maintain the Court would no longer have supplemental jurisdiction over Plaintiffs' remaining state law claims.  Thus, Defendants argue the entire case should be dismissed under Rule 12(b)(1).  Defendants also assert in the alternative each of Plaintiffs' claims fail as a matter of law under Rule 12(b)(6).

Plaintiffs dispute each of these assertions.  In Plaintiffs' response, they also note the SAC incorrectly identifies the statute under which Plaintiffs assert their federal trademark infringement claim as 15 U.S.C. § 1114(1), when in fact the statute should be 15 U.S.C. § 1125(a).  Defendants explain in their reply the analysis under either statute is largely the same.

## V.     DISCUSSION AND ANALYSIS

### A.     Plaintiffs' Federal Trademark Infringement and Trademark Dilution Claims

Applying the above standards to the instant matter, the Court initially notes the parties agree the Court lacks subject matter jurisdiction over the entire action if Plaintiffs' federal trademark infringement and trademark dilution claims fail.  ECF No. 73 at 1-2; ECF No. 69 at 3, 30.  However, Plaintiffs maintain they have pled plausible federal causes of action for trademark infringement and trademark dilution under the Lanham Act, 15 U.S.C. § 1125, and they thus urge Defendants' Rule 12(b)(1) motion should be denied.

The Court will first examine Plaintiffs' claim for federal trademark infringement.  In conducting this analysis, the Court will treat Plaintiffs' claim as one arising under 15 U.S.C. § 1125(a) in accordance with Plaintiffs' request in their response, ECF No. 69 at 2 n.2, rather than as it is pled in the SAC under 15 U.S.C. § 1114(1).  A plaintiff alleging a claim for federal trademark infringement under § 1125(a) must prove the following elements:

> (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred in commerce; (4) that the defendant used the mark in connection with the sale, offering for sale, distribution, or advertising of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers.

*People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) (internal quotation marks omitted) (citing 15 U.S.C. § 1125(a)).

Defendants' primary basis for seeking dismissal of Plaintiffs' federal trademark infringement claim is Plaintiffs have purportedly failed to plead any specific, improper use of the Mark by Defendant MTI in commerce.  Defendants aver the SAC contains no allegations of any actual use of the Mark in commerce that could be infringing; rather, Plaintiffs rely on the

statements made by Defendant MTI when it applied to register two federal trademarks consisting of the Mark to satisfy the use in commerce requirement.

Defendant MTI filed its applications with the United States Patent and Trademark Office (USPTO) on December 6, 2013, to register the Mark for "Digital media, namely pre-recorded DVDs, downloadable audio and video recordings, and CDs featuring and promoting music; Musical sound recordings; Musical video recordings; Phonograph records featuring music," in International Class 9.  ECF No. 63 ¶ 335.  Under 15 U.S.C. § 1051(a), the USPTO requires every applicant for a trademark to sign a Declaration, which appears on the USPTO's current Trademark/Service Mark Application, Principal Register form.  This Declaration provides in relevant part the signatory "believes applicant to be entitled to use [the Mark] in commerce."  ECF No. 63-8 at 6, ECF No. 63-9 at 6.  Moreover, in the applications at issue, Defendant MTI stated its belief the Mark "is now in use in . . . commerce."  ECF No. 63-8 at 5, ECF No. 63-9 at 5.  Importantly, other than these statements made by Defendant MTI in the course of its applications to register the trademarks at issue, the SAC is devoid of any other allegations of Defendants' use of the Mark in commerce.

As noted above, as a prerequisite to liability under § 1125(a), defendants must use "in commerce" a protected trademark.  *Doughney*, 263 F.3d at 364.  Registration of a trademark, standing alone, is insufficient to constitute a use in commerce as required to state a claim under the Lanham Act.  *See* 15 U.S.C. § 1127 (defining the term "use in commerce" to mean "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark"); *see also, e.g.*, *Omega S.A. v. Omega Eng'g, Inc.*, 396 F. Supp. 2d 166, 174 (D. Conn. 2005) ("Neither the application for a trademark registration nor the existence of a pending

trademark application give rise to a claim of trademark infringement . . . ."); *Kusek v. Family Circle, Inc.*, 894 F. Supp. 522, 532 (D. Mass. 1995) (stating although "federal registration [of a trademark] gives the owner of a mark legal rights and benefits, its mere registration does not create the mark nor amount to 'use' of the mark," and, therefore, "trademark registration *per se* cannot be considered as a use in commerce").

Taking the facts alleged in the SAC in the light most favorable to Plaintiffs, as the Court must, the Court nonetheless holds Plaintiffs have failed to state a claim for federal trademark infringement under § 1125(a). As already noted, to establish Defendants' use of the Mark in commerce, Plaintiffs entirely rely on the statements made by Defendants in their applications to register the Mark with the USPTO. Completely absent from the SAC are any allegations of Defendants' actual use of the Mark in commerce. Inasmuch as registration of the Mark, without more, is insufficient to constitute a use in commerce, Plaintiffs' federal trademark infringement claim fails as a matter of law.

The Court now turns to Plaintiffs' federal trademark dilution claim under § 1125(c). To state a prima facie dilution claim under § 1125(c), a plaintiff must show the following:

> "(1) that the plaintiff owns a famous mark that is distinctive; (2) that the defendant has commenced using a mark in commerce that allegedly is diluting the famous mark; (3) that a similarity between the defendant's mark and the famous mark gives rise to an association between the marks; and (4) that the association is likely to impair the distinctiveness of the famous mark or likely to harm the reputation of the famous mark."

*Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 168 (4th Cir. 2012) (quoting *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 264 (4th Cir. 2007)). As above, Defendants asseverate Plaintiffs have purportedly failed to plead any specific, improper use of the Mark by Defendant MTI in commerce as required to state a claim for federal trademark dilution.

7

Again, taking the facts alleged in the SAC in the light most favorable to Plaintiffs, the Court holds Plaintiffs have failed to plead a federal trademark dilution claim under § 1125(c). To show Defendants' use of the Mark in commerce, Plaintiffs rely on Defendants' statements in their applications to register the Mark. As explained above, such allegations are insufficient to constitute a use in commerce as required under § 1125(c). The Court need spill no more ink on this matter. Suffice it to say the Court holds Plaintiffs' federal trademark dilution claim fails as a matter of law for the same reasons as set forth above. Consequently, the Court will grant Defendants' Rule 12(b)(1) motion as to Plaintiffs' federal trademark infringement and trademark dilution claims.

### B. Plaintiffs' Federal Declaratory Judgment and Trademark Cancellation Claims

The Court now turns to Plaintiffs' federal claims seeking declaratory judgment and trademark cancellation. First, Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 to determine the ownership of the Mark. However, claims under § 2201 require the Court to have an independent basis of federal jurisdiction, for that statute is unable to create jurisdiction where none otherwise exists. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (holding § 2201 has only a "procedural" operation and does not extend the jurisdiction of the federal courts); *see Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011) ("The Declaratory Judgment Act does not expand the subject matter jurisdiction of the federal courts."). In that the Court has dismissed Plaintiffs' federal trademark infringement and trademark dilution claims, the Court no longer has an independent basis of federal jurisdiction over this federal declaratory judgment claim. Therefore, the Court will also dismiss Plaintiffs' federal declaratory judgment claim.

Next, Plaintiffs request cancellation of the allegedly infringing marks. Under 15 U.S.C. § 1119, the Court may order the cancellation of a federally registered trademark in "any action involving a registered mark." However, § 1119 likewise fails to provide the Court with an independent source of federal jurisdiction. *See Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992) (holding a petition to the USPTO is the "primary means of securing a cancellation" and that § 1119 provides no independent basis for jurisdiction); *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758-59 (Fed. Cir. 1987) (holding the Lanham Act does not "authorize suits for [trademark] cancellation in district courts"). Given the Court has already dismissed Plaintiffs' federal trademark infringement and trademark dilution claims, which were the only claims providing independent jurisdiction over the action, the Court will dismiss Plaintiffs' federal trademark cancellation claim as well for lack of subject matter jurisdiction.

### C.     Plaintiffs' Remaining State Law Claims

Upon holding Plaintiffs' federal trademark infringement and trademark dilution claims fail as a matter of law and dismissing Plaintiffs' federal declaratory judgment and trademark cancellation claims, the Court must now determine whether it should exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(3)-(4). "Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental

jurisdiction." *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353-54 (1988)).  In exercising this discretion, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Cohill*, 484 U.S. at 350 n.7).  In the event a court declines to exercise supplemental jurisdiction, the "period of limitations" for remaining claims "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28 U.S.C. § 1367(d).

After dismissing Plaintiffs' claims arising under federal law, Plaintiffs' remaining claims alleging South Carolina common law trademark infringement, breach of contract, conversion, violation of the South Carolina Unfair Trade Practices Act, declaratory judgment, and breach of contract accompanied by a fraudulent act all, of course, arise under South Carolina law.  Here, the Court is unable to hold the parties would be inconvenienced or unfairly prejudiced by declining to exercise supplemental jurisdiction over the remaining claims, nor does the Court find there to be any underlying issues of federal policy involved in Plaintiffs' state law claims.  The Court holds the comity factor to weigh in favor of declining to exercise supplemental jurisdiction, and considerations of judicial economy demand the Court decline to exercise supplemental jurisdiction.  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

Given these holdings are dispositive of the issues before the Court, the Court need not address the parties' remaining arguments.  *See Karsten v. Kaiser Found. Health Plan of Mid-Atl.*

10

*States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendants' motion to dismiss is **GRANTED**, and Plaintiffs' federal claims are **DISMISSED WITH PREJUDICE**.  Plaintiffs' remaining state law claims are **DISMISSED WITHOUT PREJUDICE** so they can pursue them in state court if they wish to do so.

**IT IS SO ORDERED**.

Signed this 1st day of March, 2017, in Columbia, South Carolina.

<u>s/Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE