

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| THE MARSHALL TUCKER BAND, INC. and DOUG GRAY,<br>Plaintiffs,<br><br>vs.<br><br>M T INDUSTRIES, INC. and RON RAINEY,<br>Defendants. | § § § § § § § § § | CIVIL ACTION NO. 7:16-00420-MGL |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' RULE 59(e) MOTION TO ALTER OR AMEND**

**I.    INTRODUCTION**

Pending before the Court is Plaintiffs' Federal Rule of Civil Procedure 59(e) Motion to Alter or Amend the Court's Order granting Defendants' motion to dismiss (Plaintiffs' 59(e) motion). The Court has jurisdiction over the matter under 28 U.S.C. § 1331. Having carefully considered Plaintiffs' 59(e) motion, the response, the reply, the record, and the applicable law, the Court will grant in part and deny in part Plaintiffs' 59(e) motion.

**II.    FACTUAL AND PROCEDURAL HISTORY**

On March 1, 2017, this Court entered an Order granting Defendants' motion to dismiss. ECF No. 75. The Court first dismissed Plaintiffs' federal trademark infringement claim because Plaintiffs failed to establish Defendant M T Industries, Inc.'s (MTI) use of The Marshall Tucker Band mark (Mark) in commerce. *Id.* at 7. The Court likewise held Plaintiffs' federal trademark

dilution claim failed as a matter of law because Plaintiffs' allegations in their Second Amended Complaint (SAC) were insufficient to plead a use in commerce as required under 15 U.S.C. § 1125(c). *Id.* at 8. In light of the fact the Court dismissed the only claims providing independent jurisdiction over the action, the Court dismissed Plaintiffs' federal declaratory judgment and federal trademark cancellation claims for lack of subject matter jurisdiction. *Id.* at 8-9. Finally, the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *Id.* at 10. The Court dismissed Plaintiffs' federal claims with prejudice and Plaintiffs' state law claims without prejudice. *Id.* at 11.

Plaintiffs subsequently filed their motion under Rule 59(e) to alter or amend the Court's Order. ECF No. 78. Defendants filed their response in opposition, ECF No. 82, and Plaintiffs filed their reply, ECF No. 83. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Plaintiffs' 59(e) motion.

### III. STANDARD OF REVIEW

There are only three limited bases for a district court to grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment

after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (internal quotation marks omitted).

## IV. CONTENTIONS OF THE PARTIES

In Plaintiffs' 59(e) motion, Plaintiffs request the Court alter or amend its Order under Rule 59(e)'s third basis: namely, the Court correct a clear error of law or prevent manifest injustice. Plaintiffs first argue the Court should alter or amend its Order because it committed clear error by dismissing Plaintiffs' federal trademark dilution claim. Plaintiffs insist it is uncontested MTI is currently using the Mark in commerce, and because the Court held the SAC fails to allege commercial use of the Mark as required to maintain Plaintiffs' federal trademark dilution cause of action, it erred.

Plaintiffs next assert the Court should alter or amend its Order because the Court's dismissal of Plaintiffs' federal declaratory judgment and trademark cancellation claims was with prejudice. Plaintiffs aver the Court erred in dismissing these two claims with prejudice because the Court dismissed the claims for lack of subject matter jurisdiction. Plaintiffs maintain the dismissal of these claims should be without prejudice.

Defendants repudiate each of these assertions and contend Plaintiffs' 59(e) motion must be denied because it is an impermissible attempt to relitigate issues already decided.

## V. DISCUSSION AND ANALYSIS

### A. Plaintiffs' Federal Trademark Dilution Claim

Applying the above standards to the instant matter, the Court first turns to Plaintiffs'

argument the Court erred in dismissing Plaintiffs' federal trademark dilution claim. Notably, Plaintiffs refrain from contesting the Court's dismissal of their federal trademark infringement claim, which the Court dismissed for the same reasons as it did their federal trademark dilution claim: namely, Plaintiffs' failure to sufficiently allege MTI's use of the Mark in commerce.

Plaintiffs state their "primary goal in this litigation is to obtain cancellation of the two federal trademarks" MTI registered in 2014. ECF No. 78-1 at 1. Plaintiffs contend the Court erred in dismissing their federal trademark dilution claim because it is purportedly uncontested MTI uses the Mark in commerce. They thus asseverate the Court should not have dismissed their federal trademark dilution claim on the ground they failed to show MTI's use of the Mark in commerce.

The cogency of Plaintiffs' argument eludes the Court. As previously stated by this Court, to state a prima facie dilution claim under 15 U.S.C. § 1125(c), a plaintiff must show the following:

> "(1) that the plaintiff owns a famous mark that is distinctive; (2) that the defendant has commenced using a mark in commerce that allegedly is diluting the famous mark; (3) that a similarity between the defendant's mark and the famous mark gives rise to an association between the marks; and (4) that the association is likely to impair the distinctiveness of the famous mark or likely to harm the reputation of the famous mark."

*Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 168 (4th Cir. 2012) (quoting *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 264 (4th Cir. 2007)). Furthermore, the law is clear, as previously held by this Court, that registration of a trademark, standing alone, is insufficient to constitute a use in commerce as required to state a claim under the Lanham Act. ECF No. 75 at 6-7.

Plaintiffs point to numerous paragraphs in the SAC purporting to establish the uncontested fact that MTI has used and continues to use the Mark in commerce. *See, e.g.*, ECF No. 78-1 at 9-

4

10. In sum, though, these allegations in the SAC either merely state MTI is using the Mark in commerce or note MTI is using the Mark in relation to the Pre-1984 Sound Recordings. Beyond these limited statements in the SAC, Plaintiffs entirely rely on Defendants' statements in their applications to register the Mark with the USPTO to purportedly establish MTI's use of the Mark in commerce.

The underlying issue in this case is MTI's use of the Mark in commerce beyond the use permitted by the 1984 Letter Agreement, which allows MTI limited use of the Mark in relation to the Pre-1984 Sound Recordings. ECF No. 78-1 at 4. It is uncontested MTI has used the Mark in commerce as permitted by the 1984 Letter Agreement, i.e., limited to the Pre-1984 Sound Recordings. *Id.* at 10. Given the parties' agreement MTI may use the Mark in relation to the Pre-1984 Sound Recordings, Plaintiffs cannot now bring a federal trademark dilution claim solely on the basis of MTI's limited, permissible use of the Mark in this fashion. *See Rosetta Stone Ltd.*, 676 F.3d at 167 ("[T]rademark dilution is 'the whittling away of the established trademark's selling power and value through its unauthorized use by others.'" (quoting *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 111 (2d Cir. 2010))). Rather, Plaintiffs must allege facts showing MTI has used the Mark in commerce beyond the use permitted by the 1984 Letter Agreement.

Instead of pleading facts showing MTI's use of the Mark in commerce for purposes other than the Pre-1984 Sound Recordings, Plaintiffs entirely rely on their conclusory statements in the SAC and on Defendants' statements in their applications to register the Mark. In reviewing Defendants' motion to dismiss, this Court was required to accept Plaintiffs' factual allegations as true, which it did; however, as the Court stated, any conclusory allegations are unentitled to an assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not

"accept as true a legal conclusion couched as a factual allegation." *See id.* (internal quotation marks omitted). Plaintiffs' allegations MTI is using the Mark in commerce are unquestionably legal conclusions couched as factual allegations. These allegations are thus insufficient to constitute a use in commerce as required under § 1125(c).

Moreover, as this Court has previously held, Plaintiffs cannot rely on Defendants' statements in their applications to register the Mark to establish MTI's use of the Mark in commerce beyond that permitted by the 1984 Letter Agreement. *See* ECF No. 75 at 6-7.

For all the foregoing, Plaintiffs have failed to show the Court committed a clear error of law in dismissing their federal trademark dilution claim, and the Court will deny in part Plaintiffs' 59(e) motion as to Plaintiffs' federal trademark dilution claim.

B. **Plaintiffs' Federal Declaratory Judgment and Trademark Cancellation Claims**

The Court now turns to Plaintiffs' argument the Court erred in dismissing with prejudice their federal claims seeking declaratory judgment and trademark cancellation. The Court dismissed these claims for lack of subject matter jurisdiction in light of the fact the Court dismissed the only claims providing independent jurisdiction over the action: Plaintiffs' federal trademark infringement and trademark dilution claims. In the conclusion of the Order, the Court dismissed Plaintiffs' federal claims with prejudice and Plaintiffs' state law claims without prejudice.

The Court is persuaded by Plaintiffs' argument, and Defendants' opposition is unavailing. As a general rule, a dismissal for a defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013); *see also* Fed. R. Civ. P. 41(b). *But see Roland v. U.S.*

*Citizenship & Immigration Servs.*, 850 F.3d 625, 628-30 (4th Cir. 2017) (affirming the district court's dismissal with prejudice of the plaintiffs' claims because the court lacked subject matter jurisdiction); *Nivens v. Gilchrist*, 444 F.3d 237, 247-48 (4th Cir. 2006) (affirming the district court's dismissal with prejudice of the plaintiffs' claims pursuant to *Younger* abstention, where the court declined to exercise jurisdiction).

Although the Court stated it dismissed Plaintiffs' federal claims seeking declaratory judgment and trademark cancellation for lack of subject matter jurisdiction, it neglected to distinguish between Plaintiffs' federal claims in the conclusion of the Order. The Court will thus grant in part Plaintiffs' 59(e) motion to amend the conclusion to state the Court dismisses with prejudice Plaintiffs' federal trademark infringement and trademark dilution claims and dismisses without prejudice Plaintiffs' federal declaratory judgment and trademark cancellation claims and state law claims.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Plaintiffs' 59(e) motion is **GRANTED IN PART AND DENIED IN PART**. The Court hereby amends the conclusion in its prior Order to state Plaintiffs' federal trademark infringement and trademark dilution claims are **DISMISSED WITH PREJUDICE**, whereas Plaintiffs' federal declaratory judgment and trademark cancellation claims and state law claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter an amended judgment reflecting this change.

**IT IS SO ORDERED**.

Signed this 25th day of April, 2017, in Columbia, South Carolina.

                                                          <u>s/Mary Geiger Lewis</u>
                                                          MARY GEIGER LEWIS
                                                          UNITED STATES DISTRICT JUDGE