

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| THE MARSHALL TUCKER BAND, INC. and DOUG GRAY, Plaintiffs, | § § § § | |
| vs. | § | CIVIL ACTION NO. 7:16-00420-MGL |
| M T INDUSTRIES, INC. and RON RAINEY, Defendants. | § § § § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

## I. INTRODUCTION

Pending before the Court is Defendants' Motion for Attorneys' Fees and Costs (Defendants' Motion) pursuant to 15 U.S.C. § 1117(a) and Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure. The Court has jurisdiction over the matter under 28 U.S.C. §§ 1331 and 1367(a). Having carefully considered Defendants' Motion, the response, the reply, the supplemental briefing, the record, and the applicable law, the Court will deny Defendants' Motion.

## II. FACTUAL AND PROCEDURAL HISTORY

The following facts are relevant for purposes of Defendants' Motion. Plaintiffs filed this case alleging claims against Defendants for trademark infringement, trademark dilution, declaratory judgment, and trademark cancellation under federal law and for trademark infringement, breach of contract, conversion, violation of the South Carolina Unfair Trade

Practices Act, declaratory judgment, and breach of contract accompanied by a fraudulent act under state law. Defendants initially filed a motion to dismiss on May 9, 2016. Because Plaintiffs relied on the Declaration signed by Defendant M T Industries, Inc. (MTI) when it filed its applications to register the trademark at issue with the United States Patent and Trademark Office (USPTO), which was neither contained in nor attached to Plaintiffs' amended complaint, the Court dismissed without prejudice Defendants' motion to dismiss so the parties could conduct discovery on that limited matter.

Fifteen days later, Plaintiffs requested entry of default as to Defendants, and the Clerk of Court entered default as to Defendants on July 29, 2016. In Plaintiffs' request for entry of default, they asserted the Court denied Defendants' motion to dismiss, which purportedly entitled them to an entry of default given Defendants' failure to file an answer within fourteen days. The parties subsequently resolved the issue of default, and the Court set aside the entry of default as to Defendants.

Following the period of limited discovery, Plaintiffs filed a Second Amended Complaint (SAC), to which Defendants filed another motion to dismiss. On March 1, 2017, the Court entered an Order granting Defendants' motion to dismiss. The Court first dismissed Plaintiffs' federal trademark infringement claim because Plaintiffs failed to establish MTI's use of The Marshall Tucker Band mark (Mark or Marks) in commerce. The Court likewise held Plaintiffs' federal trademark dilution claim failed as a matter of law because Plaintiffs' allegations in their SAC were insufficient to plead a use in commerce as required under 15 U.S.C. § 1125(c). In light of the fact the Court dismissed the only claims providing independent jurisdiction over the action, the Court dismissed Plaintiffs' federal declaratory judgment and federal trademark cancellation

claims for lack of subject matter jurisdiction. Finally, the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

Plaintiffs subsequently filed a Rule 59(e) motion to alter or amend the Court's Order granting Defendants' motion to dismiss. On April 25, 2017, the Court amended the conclusion of its prior Order to state the Court dismissed with prejudice Plaintiffs' federal trademark infringement and trademark dilution claims and dismissed without prejudice Plaintiffs' federal declaratory judgment and trademark cancellation claims and state law claims. The Court denied the remainder of Plaintiffs' 59(e) motion, which alleged the Court erred in dismissing their federal trademark dilution claim.

Meanwhile, Defendants filed Defendants' Motion on March 14, 2017, seeking their reasonable attorneys' fees and costs as the prevailing parties under the Lanham Act, to which Plaintiffs filed a response and Defendants filed a reply. The Court subsequently directed the parties to file supplemental briefs on Defendants' Motion, which the parties did. The Court, having been exhaustively briefed on the relevant issues, is now prepared to discuss the merits of Defendants' Motion.

III. STANDARD OF REVIEW

Section 1117(a) of the Lanham Act permits the Court to "award reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). The United States Court of Appeals for the Fourth Circuit has held a court may find a case "exceptional" under the Lanham Act—and, consequently, award attorneys' fees to the prevailing party—where it determines, in light of the totality of the circumstances,

3

(1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

*Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015) (internal citations and quotation marks omitted).

Should the Court find a case to be exceptional, warranting an award of attorneys' fees to the prevailing party, the Court must calculate an appropriate attorneys' fee award. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). In doing so, the Court must determine "the lodestar amount," defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Id.* To identify the reasonable number of hours and reasonable rate to use in calculating the lodestar amount, the Court is guided by the twelve non-exclusive factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). *Id.* at 320-21 (citing *Barber*, 577 F.2d at 226). Those factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 321 (internal quotation marks omitted).

Rule 54 of the Federal Rules of Civil Procedure provides in relevant part:

> Unless a statute or court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose,

if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).

IV.    **CONTENTIONS OF THE PARTIES**

In Defendants' Motion, they contend they are prevailing parties in this case and this case is an exceptional one falling under the *Georgia-Pacific* standard, warranting an award of attorneys' fees. First, Defendants aver Plaintiffs took a frivolous or objectively unreasonable position in pursuing this lawsuit in that they failed to allege Defendants' unlawful commercial use of the Mark and refused to work with Defendants to resolve their issues with registration of the Mark before the USPTO. Second, Defendants maintain Plaintiffs litigated in an unreasonable manner, pointing in part to their improperly requesting entry of default as to Defendants after the Court dismissed without prejudice Defendants' initial motion to dismiss. Third, Defendants insist there is a need in this case to advance considerations of compensation and deterrence. Defendants asseverate because Plaintiffs' main goal was to cancel Defendants' trademark registrations, they unreasonably pursued this case when they purportedly should have proceeded before the USPTO. Using the *Barber* factors, Defendants urge a reasonable attorneys' fee award, given the facts and circumstances of this case, would be $173,595.00, plus $556.37 in costs.

Plaintiffs take issue with each of Defendants' positions.

V.    **DISCUSSION AND ANALYSIS**

    A.    **Whether Defendants Are Prevailing Parties under the Lanham Act**

Applying the above standards to the instant matter, the Court initially considers whether

Defendants are prevailing parties under the Lanham Act. A "prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (internal quotation marks omitted). Consequently, the touchstone of prevailing is whether the defendant obtained "some relief," even if not all the relief the defendant sought. *Id.*

"Common sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016). "A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor." *Id.* "The defendant [fulfills] its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.*

Accordingly, "dismissal of the action, whether on the merits or not, generally means [the] defendant is the prevailing party," and "[a] party who is only partially successful also can be deemed a prevailing party." 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2667 (3d ed.). Therefore, the contention to be a prevailing party a litigant "must win on all issues is clearly without merit." *Lytle v. Comm'rs of Election of Union Cty.*, 541 F.2d 421, 425 n.6 (4th Cir. 1976).

Here, the Court granted Defendants' motion to dismiss, dismissing Plaintiffs' federal trademark infringement and trademark dilution claims with prejudice. In that those were the only claims establishing independent federal jurisdiction over the action, the Court dismissed without prejudice Plaintiffs' federal trademark cancellation and declaratory judgment claims for lack of

subject matter jurisdiction. The Court also declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, dismissing them without prejudice as well.

In light of the standard set forth above, Defendants unquestionably received at least "some relief" by succeeding in having Plaintiffs' entire case against them in this Court dismissed. Therefore, the Court holds Defendants are prevailing parties under the Lanham Act.

### B. Whether This Case Is Exceptional under the *Georgia-Pacific* Standard

A holding Defendants are prevailing parties, standing alone, is unable to entitle them to the award of attorneys' fees they seek, however. The Court must next determine whether this case constitutes an "exceptional" one under the *Georgia-Pacific* standard. To do so, only one of the three *Georgia-Pacific* factors must be met.

*1. Whether the position taken by Plaintiffs in this case was frivolous or objectively unreasonable*

First, the Court must examine whether the position taken by Plaintiffs in this case was frivolous or objectively unreasonable. *See Georgia-Pacific*, 781 F.3d at 721. Defendants proffer several reasons why Plaintiffs' position in this case was ostensibly frivolous or objectively unreasonable.

Defendants argue Plaintiffs' claims MTI infringed and diluted the Marks were frivolous and objectively unreasonable because Plaintiffs failed to cite any actual unlawful use of the Marks. Defendants state they pointed out this deficiency in their initial motion to dismiss, but Plaintiffs failed to substantiate their allegations when they amended their complaint, even after the limited period of discovery allowed by the Court. Defendants asseverate the law on this issue is clear and Plaintiffs' continued pressing of their claim mere registration of the Marks constituted infringement and dilution was unreasonable. Additionally, Defendants contend Plaintiffs

7

improperly brought their lawsuit in this Court, as the proper venue for the dispute was before the USPTO, given Plaintiffs' ultimate goal was to obtain cancellation of the Marks.

A determination a position is frivolous or objectively unreasonable is to be based on "an objective assessment of the merits of the challenged claims and defenses." *See Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 544 (Fed. Cir. 2011) (internal quotation marks omitted). Moreover, "[u]nless an argument or claim asserted in the course of litigation is so unreasonable that no reasonable litigant could believe it would succeed, it cannot be deemed objectively baseless for purposes of awarding attorney fees." *Id.* (internal quotation marks omitted).

In this case, the Court is unwilling to hold Plaintiffs' position was frivolous or objectively unreasonable. Although the Court ultimately determined Plaintiffs' federal trademark infringement and trademark dilution claims to be without merit, the Court is unable to hold it was "so unreasonable that no reasonable litigant could believe" those claims would succeed. *See id.* Furthermore, the fact Plaintiffs could have—and perhaps should have—proceeded before the USPTO fails to meet this frivolous or objectively unreasonable standard as well. As Plaintiffs observe, they brought a variety of claims under federal and state law, and it was reasonable for them to proceed in this Court on that basis. Thus, the Court holds the first *Georgia-Pacific* factor to be unmet.

*2. Whether Plaintiffs litigated this case in an unreasonable manner*

Second, the Court must decide whether Plaintiffs litigated this case in an unreasonable manner. *See Georgia-Pacific*, 781 F.3d at 721. Defendants insist Plaintiffs unreasonably litigated their claims in this matter on several occasions. Defendants urge Plaintiffs filed an

excessively long SAC and oppositions to Defendants' motions to dismiss and sought discovery far beyond the scope of the limited discovery authorized by the Court. Defendants likewise maintain Plaintiffs' motion to alter or amend the Court's Order improperly attempted to re-litigate issues previously decided. Defendants also claim Plaintiffs' actions seeking to hold Defendants in default was patently unreasonable.

To hold a party has litigated in an unreasonable manner, the non-prevailing party typically must have engaged in some form of egregious conduct. *See, e.g.*, *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1757 (2014). Plaintiffs' lengthy SAC and responses in opposition to Defendants' motions to dismiss fail to constitute unreasonable or egregious litigation conduct, nor does the fact Plaintiffs sought discovery beyond the scope authorized by the Court. The Court holds the same to be true regarding Plaintiffs' conduct regarding the issue of default. Further, Plaintiffs' motion to alter or amend was not entirely without merit in that the Court granted it in part to clarify Plaintiffs' federal trademark cancellation and declaratory judgment claims were dismissed without prejudice.

Therefore, in light of all the foregoing, the Court also holds Defendants have failed to satisfy the second *Georgia-Pacific* factor.

> 3. *Whether there is otherwise the need in this case to advance considerations of compensation and deterrence*

Third, the Court must determine whether there is otherwise the need in this case to advance considerations of compensation and deterrence. *See Georgia-Pacific*, 781 F.3d at 721. Defendants advance this case involved a narrow and limited dispute that should have been pursued before the USPTO. Defendants further assert Plaintiffs unreasonably rejected Defendants' assistance to obtain concurrent use registrations from the USPTO. Defendants proclaim

Plaintiffs' litigation tactics, as set forth above, harassed them needlessly, and avouch this case is one where advancing considerations of compensation and deterrence through an award of attorneys' fees would be appropriate.

Nonetheless, the Court holds there is no special need for compensation or deterrence in this case. As observed above, Plaintiffs chose to proceed in this Court as opposed to before the USPTO; however unwise that determination proved to be, it was entirely within their discretion to choose this venue. And, the Court has already held Plaintiffs' litigation tactics were not unreasonable. In light of all the facts and circumstances surrounding this case, the Court holds the third and final factor of the *Georgia-Pacific* test is unsatisfied. Accordingly, the Court will deny Defendants' Motion, as they are unentitled to attorneys' fees under the Lanham Act.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendants' Motion is **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of July, 2017, in Columbia, South Carolina.

> s/Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE